IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| PATRICK A. JONES | § | |
| VS. | § | CIVIL ACTION NO. 1:08cv167 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Patrick A. Jones, an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes petitioner's objections should be overruled. Petitioner's petition does not meet the criteria required to support a claim under the savings clause of 28 U.S.C. § 2255. *See Padilla v. United States*, 416 F.3d 424 (5th Cir. 2005);

*Reyes-Requena v. United States*, 243 F.3d. 893 (5th Cir. 2001). Thus, this petition should be dismissed.[1]

O R D E R

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

So **ORDERED** and **SIGNED** this **28** day of **June, 2008.**

_____
Ron Clark, United States District Judge

---

[1] To the extent petitioner may be arguing for a reduction in sentence because he was sentenced for crack cocaine, the sentencing court has jurisdiction to decide whether petitioner's sentence should be modified based on the retroactive amendment to the guidelines for crack cocaine. 18 U.S.C. § 3582(c)(2). This court may not modify petitioner's sentence because petitioner was not sentenced in this district. If petitioner wishes to pursue relief, he may do so by filing his Section 3582 motion to modify sentence in the district where he was sentenced.